IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1134-GMS |
| | ) |
| GOVERNOR JACK MARKELL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 4.) At the same time he filed a motion for a preliminary injunction and temporary restraining order, which is opposed. (D.I. 1.) Drumgo appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court proceeds to review and screen the complaint.

## I. BACKGROUND

Drumgo is housed in the SHU building at the VCC. He alleges that the vents are filthy and have not been cleaned in decades, there is a gas leak, and asbestos is airborne and is coming through the vents. Drumgo has spoken to the defendants Captain Bruce Burton ("Burton") and Lt. Natasha Hollingsworth ("Hollingsworth") and submitted grievances and written numerous letters to the defendants Delaware Governor Jack Markell ("Markell"), Delaware Department of Correction ("DOC") Commissioner Robert Coupe ("Coupe"), Cpl. Matthew Dutton ("Dutton"),

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Lt. Reynolds ("Reynolds"), VCC Warden Pierce ("Pierce"), C/O Lenigan ("Lenigan"), Lt. Farrington ("Farrington"), Lt. Todd Drace ("Drace"), and Major Carrothers ("Carrothers"). Drumgo alleges the foregoing conditions have caused his health to suffer.

The complaint alleges that Farrington agreed that the vents were in need of cleaning. It further alleges that Drace issued write-ups to inmates who covered the vents. Drumgo was told there was a manifold leaking gas into the heating and/or cooling system. He also alleges that Pierce has known about the asbestos for some time. Dutton denied the grievances Drumgo submitted on the issues.

Drumgo also complains that the food trays are filthy, the lights are on nineteen hours per day and flick off and on from 3:00 to 5:00 AM. He complains that when he has visitors he must appear without having had a haircut and restrained with excessive chains. Finally, he complains that his recreation is limited to three hours per week.

## II. SCREENING

### A. Standard of Review

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*,

515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drumgo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Drumgo leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the

elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## B. Discussion

### 1. Grievances

Drumgo alleges that he submitted grievances and wrote numerous letters complaining of a gas leak, asbestos, and unclean vents, to no avail. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Drumgo bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011 (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Drumgo is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick*, 932 F.2d at 729.

4

Moreover, participation in the after-the-fact review of a grievance is not enough to establish the requisite personal involvement necessary for a § 1983 claim. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). The claims that prison officials failed to respond to Drumgo's letters do not state constitutional claims.

For the above reasons, the court will dismiss the claims as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

### 2. Conditions of Confinement

Drumgo alleges that is subjected to the following to unlawful conditions of confinement: a gas leak, asbestos, unclean vents, unclean food trays, flickering lights, no haircuts, excessive chains, and limited recreation. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To prevail on such a claim, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant was deliberately indifferent to the risk. *See Farmer v. Brennan*, 511 U.S. 825, 833, 837 (1994). To establish deliberate indifference, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. *See Farmer*, 511 U.S. at 837. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be

5

aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

Drumgo alleges that Farrington agreed that the vents needed cleaning, that Dutton lied about a gas leak that was verified by maintenance, and that Pierce has known about the asbestos for many years. These allegations do not rise to the level of constitutional violations. In addition, Drumgo's remaining conditions of confinement claims are deficient. None of the claims point to personal involvement by any of the named defendants. As is well-established, an individual government defendant in a civil rights action must have personal involvement in the alleged wrongdoing. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). Therefore, the court will dismiss the claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). However, since it appears plausible that Drumgo may be able to articulate a claim against the defendants, or name alternative defendants, he will be given an opportunity to amend the conditions of confinement claims.

### III. MOTION FOR INJUNCTIVE RELIEF

Drumgo filed a motion for injunctive relief alleging that dangerous conditions of confinement exist at the VCC including a gas leak and exposure to asbestos. (D.I. 1.) A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be

granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

Warden Pierce opposes the motion and provides the declaration of Lenigan who is the maintenance superintendent for the VCC and an air quality test report performed by Harvard Environmental. (D.I. 12, ex. A.) With regard to the issue of air quality, air quality testing included gas monitoring and compared the presence of mold and other particles naturally found in ambient conditions in the exterior and interior of structures. (D.I. 12, ex. A at ¶ 5.) Testing found low to moderate levels that were found to be significantly lower than the exterior, consistent with the summer season and not considered as outside of normal. (*Id.* at ¶ 6.) With regard to the issue of a gas leak, during the conversion from steam to gas-fired boilers and heating units, a leak was identified by facility maintenance mechanics on September 16, 2014. (*Id.* at ¶ 7.) The leak was repaired on September 22, 2014. (*Id.*) With regard to the issue of asbestos, Lenigan states that it is highly unlikely that asbestos was used during the construction of the building due to the time-frame of the building's construction. (*Id.* at ¶ 8.) Lenigan is unaware of any indication that asbestos was or is used in any of the SHU or MHU buildings. (*Id.*)

Given the record before the court, Drumgo has not demonstrated the likelihood of success on the merits. Inasmuch as Drumgo has failed to show the likelihood of success on the merits, the court will deny the motion for injunctive relief. (D.I. 1.)

## IV. CONCLUSION

For the above reasons, the motion for injunctive relief (D.I. 1) will be denied. The complaint will be dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii) and § 1915A(b)(1). Drumgo will be given leave to amend the conditions of confinement claims.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

Oct 24, 2014
Wilmington, Delaware