IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1134-GMS |
| | ) |
| GOVERNOR JACK MARKELL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 4.) Drumgo appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 7.) The court reviewed and screened the original complaint, dismissed it, and gave Drumgo leave to amend. (D.I. 15, 16.) The court proceeds to review and screen the amended complaint filed on December 2, 2014. (D.I. 22.)

## I. BACKGROUND

The allegations in the amended complaint are similar to those raised in the original complaint. His amendment cured some, but not all, of the pleading defects identified in the original complaint.

Drumgo is housed in the SHU building at the VCC. He alleges that the vents are filthy and have not been cleaned in decades, there is a gas leak, and that asbestos is airborne and is coming through the vents. Drumgo has spoken to the defendants Captain Bruce Burton

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

("Burton") and Lt. Natasha Hollingsworth ("Hollingsworth") and submitted grievances and written numerous letters to the defendants Delaware Governor Jack Markell ("Markell"), Delaware Department of Correction ("DOC") Commissioner Robert Coupe ("Coupe"), Cpl. Matthew Dutton ("Dutton"), Lt. Reynolds ("Reynolds"), VCC Warden Pierce ("Pierce"), C/O Lenigan ("Lenigan"), Lt. Farrington ("Farrington"), Lt. Todd Drace ("Drace"), and Major Carrothers ("Carrothers"). Drumgo alleges the foregoing conditions have caused his health to suffer.

The amended complaint further alleges that Farrington and another correction officer agreed that the vents are in need of cleaning, that Lenigan did not dispute that the vents are filthy, and that Drace issued write-ups to inmates who covered the vents. In addition, when Drumgo complained to a maintenance man on August 20, 2014 about the smell of gas, he was told there was a manifold leaking gas into the heating and/or cooling system. Drumgo alleges that Lenigan was aware of the leak as of September 16, 2014. When Drumgo complained to other correction officers, he was told to forget about the gas and worry about the asbestos coming through the ventilation. Drumgo alleges that Pierce has known about the asbestos for some time, and that Dutton denied the grievances Drumgo submitted regarding the asbestos.

Finally, Drumgo makes general complaints about his conditions of confinement similar to those raised in the original complaint.

## II. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

2

immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Drumgo proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court

3

must grant Drumgo leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

### A. Grievances

Once again, Drumgo alleges that he submitted grievances and wrote numerous letters complaining of a gas leak, asbestos exposure, and unclean vents, to no avail. Drumgo was not given leave to amend this claim. He, nonetheless, raises it in the amended complaint. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that Drumgo bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, the claims fail. *See*

4

*Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011 (unpublished). Therefore, for the above reasons, the court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

## B. Conditions of Confinement

Drumgo alleges that is subjected to unlawful conditions of confinement that include a gas leak, exposure to asbestos, and unclean air vents. He complains of numerous other issues such as unclean food trays, excessive chains, and limited recreation. A condition of confinement violates the Eighth Amendment only if it is so reprehensible as to be deemed inhumane under contemporary standards or such that it deprives an inmate of minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To prevail on such a claim, an inmate must show that he is "incarcerated under conditions posing a substantial risk of serious harm," and that the defendant was deliberately indifferent to the risk. *See Farmer v. Brennan*, 511 U.S. 825, 833, 837 (1994). To establish deliberate indifference, a plaintiff must show that the individual was subjectively aware of the risk of harm to the plaintiff's health or safety, and disregarded it. *See Farmer*, 511 U.S. at 837. "The knowledge element of deliberate indifference is subjective, not objective knowledge, meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001).

Similar to his original complaint, the amended complaint does not point to the personal involvement of most defendants. However, after reviewing the amended complaint, and

5

considering Drumgo's *pro se* status, the court finds that he has adequately alleged condition of confinement claims: (1) against Farrington, Lenigan, and Drace as to unclean air vents; (2) against Dutton and Lenigan as to the gas leak; and (3) against Pierce and Dutton as to asbestos exposure. The remaining defendants Stefani Street, Christopher Senato, John Does 1 through 3, and remaining claims will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

## IV. CONCLUSION

For the above reasons, Drumgo will be allowed to proceed with condition of confinement claims against Farrington, Lenigan, Drace, Dutton, and Pierce. The remaining defendants and claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

An appropriate order will be entered.

_Jan 30_, 2015
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE