IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 14-1134-GMS |
| | ) |
| CPL MATTHEW DUTTON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff DeShawn Drumgo ("Drumgo"), a prisoner incarcerated at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed a complaint pursuant to 42 U.S.C. § 1983 on September 5, 2014. On March 26, 2015 and May 18, 2015, Drumgo filed emergency motions for injunctive relief complaining of retaliation, seeking a transfer, and seeking medical treatment. (D.I. 33, 45.)

## II. STANDARD OF REVIEW

A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context

must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

## III. DISCUSSION

Drumgo contends he has been threatened by the defendant Cpl. Matthew Dutton ("Dutton") with disciplinary action for filing grievances on the issue of whether there is a recurring gas leak. He also states that he suffers from severe "sinus aches" and is refused Tylenol Sinus by the physician. He contends that he is "being intentionally misdiagnosed" by a doctor whom he describes as disrespectful, unprofessional, and fascist. Drumgo states that, as of May 12, 2015, he had been seen by the same physician three times. Drumgo takes exception to the treatment received from the physician and seeks outside medical treatment. Drumgo states that the sinus condition is a result of the gas leak and dirty ventilation combined with asbestos.

Warden Pierce opposes the first emergency motion noting that Drumgo continues to take issue with alleged presence of gas, vaguely references threatened disciplinary actions, and takes issue with his medical care. Warden Pierce relies upon his response to Drumgo's first motion for injunctive relief, denied by the court on October 15, 2015. (*See* D.I. 15, 16.) Therein, evidence was presented of a leak identified by facility maintenance mechanics on September 16, 2014 and repaired on September 22, 2014. (*Id.*) Warden Pierce is unaware of any other leaks. He notes that Drumgo's own motion indicates that Drumgo is abusing the grievance process, but provides no evidence that he has been disciplined for filing a grievance. Finally, with regard to medical care, Warden Pierce notes that those claims are not a part of this action.[1]

---

[1]The court notes that Drumgo's second motion does not demonstrate deliberate indifference to a serious medical need. Rather, the facts as set forth by Drumgo indicate that he receives medical care, albeit not to his liking. *See Lasko v. Watts*, 373 F. App'x 196, 203 (3d

2

Given the record before the court, Drumgo has not demonstrated the likelihood of success on the merits. Inasmuch as Drumgo has failed to show the likelihood of success on the merits, the court will deny the emergency motions for injunctive relief. (D.I. 33, 45.)

## IV. CONCLUSION

For the above reasons, the emergency motions for injunctive relief (D.I. 33, 45) will be denied. Drumgo will be placed on notice that future motions raising the same claims will be docketed, but not considered.

An appropriate order will be entered.

UNITED STATES DISTRICT JUDGE

July 17, 2015
Wilmington, Delaware

---

Cir. 2010) (unpublished) ("a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable.).

3