IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| Petitioner, | ) ) ) |
| v. | ) Civ. Action No. 14-1134-GMS ) |
| CPL MATTHEW DUTTON, et al., | ) ) |
| Respondents. | ) |

## MEMORANDUM

### I. BACKGROUND

The plaintiff DeShawn Drumgo ("Drumgo"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, appears *pro se* and has been granted leave to proceed *in forma pauperis*. The court screened the original complaint and dismissed it with leave to amend. (D.I. 4, 15, 16.) Drumgo filed an amended complaint, and upon screening he was allowed to proceed against the defendants Cpl. Matthew Dutton ("Dutton"), Warden Pierce ("Pierce"), C/O Lenigan ("Lenigan'), Lt. Farrington ("Farrington"), and Lt. Todd Drace ("Drace") (collectively "State defendants"). (D.I. 22, 24, 25.) On April 27, 2015, the State defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), opposed by Drumgo. (D.I. 41, 42.) On March 28, 2015, the court granted the motion to dismiss the amended complaint with prejudice. (D.I. 58.) Drumgo moves for reconsideration. (D.I. 59.)

### II. MOTION FOR RECONSIDERATION

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three

grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Drumgo moves for reconsideration on the grounds that he has stated claims. (D.I. 59.) The defendants did not file a response to the motion. In a one-sentence order, the ruling at issue granted the defendants' motion to dismiss (D.I. 41) pursuant to Fed. R. Civ. P. 12(b)(6). (*See* D.I. 58.) The defendants' motion to dismiss sought dismissal of claims previously screened by the court. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

This court previously reviewed the allegations in the amended complaint and found that Drumgo stated cognizable and non-frivolous claims cognizable and non-frivolous conditions of confinement claims against Lt. Farrington, C/O Lenigan, Lt. Todd Drace, Cpl. Matthew Dutton,

and Warden Pierce. (*See* D.I. 24 at 6; D.I. 25.). Nothing changed following screening of the amended complaint and the filing of the defendants' motion to dismiss.[1]

The court has reviewed the pleadings at issue and finds that reconsideration is appropriate. Therefore, the court will grant the motion for reconsideration. (D.I. 59.)

### III. CONCLUSION

For the above reasons, the court will: (1) reopen the case; (2) grant the motion for reconsideration (D.I. 59); (3) vacate the March 29, 2016 order (D.I. 58); (4) deny the motion to dismiss (D.I. 41); and (5) enter an amended scheduling order.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

March 29, 2017
Wilmington, Delaware

---

[1] The court takes no position on the merits of the case. The defendants' position is better addressed in a motion for summary judgment stage.