IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 14-1134-GMS |
| | ) |
| CPL. MATTHEW DUTTON, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** The plaintiff DeShawn Drumgo ("Drumgo"), a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, recently transferred to SCI Fruckville in Fruckville, Pennsylvania, filed this lawsuit pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. (*See* D.I. 7.) On August 30, 2017, the court granted Drumgo's motion for reconsideration and reopened this case. (D.I. 71.) Since then, Drumgo has filed requests for counsel (D.I. 75, 78, 81), motions for injunction relief (D.I. 77, 81), and a motion to forward documents to him (D.I. 80). The defendants oppose the emergency motion for injunctive relief and requests for counsel. (D.I. 82.)

2. **Requests for Counsel.** Drumgo requests counsel on the grounds that all his legal materials were destroyed following the February 1, 2017 VCC hostage incident and he has recently been transferred to a correctional facility in the Commonwealth of Pennsylvania as a form of retaliation. (D.I. 75, 78, 81.) Drumgo's most recent request for counsel contains a litany of complaints regarding the conditions under which he is confined in the Commonwealth of Pennsylvania Department of Corrections ("PDOC"). (*See* D.I. 81.)

3. A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

4. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

5. After reviewing Drumgo's requests, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate his ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew Drumgo's requests for counsel. (D.I. 75, 78, 81.) Should the need for counsel arise later, one can be sought at that time.

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

6. **Documents.** The court notes that Drumgo is not the first inmate to complain of the destruction of documents following the February 1, 2017 incident at the VCC. To date, no discovery has taken place. Drumgo recently filed a motion for the court to provide him the entire court file. (D.I. 80.) The motion will be denied.

7. The defendants advise the court that Drumgo received between three and six boxes and/or bags "apparently containing virtually all of his accumulated legal paperwork related to" Drumgo's case. Since it is not clear to the court that Drumgo has received all of his legal documents, the defendants will be ordered to provide Drumgo a copy of their answer (D.I. 72) and a copy of Drumgo's request for production of documents and discovery served upon the defendants in May 2015 (D.I. 47). The Clerk of Court recently provided Drumgo with a current court docket sheet. (D.I. 79.) The Clerk of Court will be ordered to provide Drumgo with copies of the following docket items that include the complaint and exhibits filed by Plaintiff and memoranda and orders entered by the court, as follows: D.I. 4, 19, 22, 24, and 25. Finally, the court will enter an order to extend the discovery deadline and the deadline for filing dispositive motions.

8. **Injunctive Relief.** Drumgo has filed two motions for injunctive relief. The first, is a motion for emergency injunctive relief. (D.I. 77.) Drumgo states that he was transferred to the PDOC without any of his property. (*Id.*) He states that he needs his eyeglasses. (*Id.*) While not clear, it seems he contends they were either taken by C/O Anthony Burris ("Burris"), a Delaware Department of Correction ("DDOC") employee, or Burris would not allow Drumgo to take them with him prior to his transfer to the PDOC. (*Id.*) The defendants oppose the motion. (D.I. 82.)

9. A party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (citation omitted). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). Because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Abraham v. Danberg*, 322 F. App'x 169, 170 (3d Cir. 2009) (unpublished) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

10. In their opposition to Drumgo's emergency motion for injunctive relief, the defendants provided inventory sheets showing Drumgo's property that was transferred to the PDOC. Drumgo signed off on the sheets. The listing refers to numerous items owned by Drumgo and, in particular, item 59 refers to Drumgo's eyeglasses. Given the record before the court, Drumgo has not demonstrated the likelihood of success on the merits and, therefore, injunctive relief is not appropriate. The emergency motion for injunctive relief will be denied.

11. In the second motion (D.I. 81), Drumgo complains of his conditions of confinement in the PDOC. His complaints are not related to the instant complaint and are directed towards the PDOC and its employees, none of whom are defendants in this matter. Therefore, the court will deny the motion. (D.I. 81.)

12. **Conclusion**. For the above reasons, the court will: (1) deny Drumgo's requests for counsel without prejudice to renew (D.I. 75, 78, 81); (2) deny the motions for injunctive relief

(D.I. 77, 81); and (3) deny the motion for an order directing the Clerk of Court to forward to Drumgo all documents in this case (D.I. 80). An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

_____Oct 25_____, 2017
Wilmington, Delaware