## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DE SHAWN DRUMGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-1134-GMS |
| | ) |
| GOVERNOR JACK MARKELL, et al., | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS

By and through undersigned counsel, Warden David Pierce, Cpl. Matthew Dutton, Michael Lenigan, Lt. Todd Drace and Lt. Gregory Farrington hereby respond to Plaintiff's discovery requests (D.I. 89) as follows:

### DOCUMENT REQUESTS

1. All documents concerning or relating to any incident occurring at JTVCC involving L.T. Farrington. Maintence [sic] officer Lenigan [sic]. The now fired Lieutenant Todd Drace, CPL Mathew Dutton and former Warden David Pierce.

**RESPONSE:** Defendants object to this request as (1) vague and ambiguous (i.e. "any incident"), (2) seeking information or documents that is not reasonably calculated to lead to the discovery of admissible evidence, (3) not proportional to the needs of the case, (4) unduly broad and overly burdensome, and (5) seeking confidential documents protected by 11 *Del. C.* § 4322.

2. The complete personnel files of L.T. Farrington, C.O Leningan, Lt Drace, CPL Dutton and David Pierce.

**RESPONSE:** See response to Request No. 1 above.

3. All documents or communication concerning or relating to any incidents occurring at JTVCC involving Drumgo and L.T. Farrington, C.O. Lenigan L.T Drace, CPL Dutton and David Pierce.

**RESPONSE:** See response to Request No. 1 above.

4. All documents or communications concerning or relating to any evaluation assessment, investigation and or performance review, including any investigations conducted by Internal Affairs or a similar department and any disciplinary action of L.T. Farrington, C.O Leningan, L.T Drace, CPL Dutton and David Pierce.

**RESPONSE:** See response to Request No. 1 above.

5. All documents, including but not limited to grievances and complaints, concerning or relating to L.T. Farrington, CO Lenigan, LT. Drace, CPL. Mathew Dutton and David Pierce in the treatments of Prisoners Especially the scenario or incident where Todd Drace was fired for Parading a inmate around naked thus showing his Constant malicious and Sadistic intent and or State of Mind.

**RESPONSE:** See response to Request No. 1 above.

6. Any documents including but not limited to grievances and complaints, concerning J.T.V.CC and or Noresco Gas leaking threw the ventilation.

**RESPONSE:** See response to Request No. 1 above.

7. Any and all documents including any policies, orders, directives manuals or handbooks concerning the ventilation and or the exhaust and leaking manifolds. And also any complaints or write-up By Staff or Prisoner's Concerning this system.

**RESPONSE:** See response to Request No. 1 above. Defendants further refer Plaintiff to D.I. 12.

8.   All documents, including any policies, orders, directives manuals or handbooks concerning any procedures and or protocol's in regards to Prisoners injured from Gas or ventilation and directives to be followed in Case of Emergency.

**RESPONSE:**  See response to Request No. 1 above.  Defendants respond further that DOC has a complete set of medical policies available online.

9.   All documents, including any communications. Incident reports and or medical reports concerning or relating to the Admitted Gas leak.

**RESPONSE:** Defendants are unaware of any responsive documents other than those provided by service of D.I. 12.

10.   Any and All grievance reports or other complaints made or filed by Plaintiff Drumgo from Aug 2014 to Aug 2017

**RESPONSE:**  See response to Request No. 1 above.

11.   Any and all document's concerning the building of The SHU And the Item's or Material used to build most importantly the use of Abesto's [sic].

**RESPONSE:**  See response to Request No. 1 above.

11.   Any and all instructions and log's in regards to when or how the ventilation and or Entire building is to be clean in Regards to the indoor Clean Air Act.

**RESPONSE:**  11 [sic]. See response to Request No. 1 above.  By way of further response, Plaintiff's reference to "indoor Clean Air Act" and tying the question to this "Act" renders the Interrogatory objectionable.  Neither the Clean Air Act nor Delaware's Clean Indoor Air Act have any relevance to the claims in this case.  Generally, cleaning at JTVCC is performed by inmate environmental cleaning crews supervised by JTVCC security staff.

12. All request for medical or sick call services And by Drumgo Sam Evans, Michael Jones And Any other Prisoner's at J.TVCC And Any response and or resolution.

**RESPONSE:** See response to Request No. 1 above. Defendants respond further that they cannot lawfully provide medical records of other inmates to Plaintiff.

13. All documents that You the Defense Rely on and Preparation of Your responses of both interrogatories and DePosition [sic]

**RESPONSE:** See D.I. 12. Defendants will supplement this response as appropriate.

14. All documents that you identified or referred to in Your responses toward future interrogatories / DePosition [sic]

**RESPONSE:** See response to Request No. 13 above.

15. All documents that You intend to rely upon, introduce or otherwise used at any hearing, deposition or trial in this action

**RESPONSE:** See response to Request No. 13 above.

## INTERROGATORIES

1. Identify all individuals who have knowledge of, or are likely to have knowledge of the fact's and events set forth in Complaint Filed Dec 2, 2014 in regards to Gas leak/manifold, filthy ventilation and abesto's.

**RESPONSE:** See D.I. 12.

2. Describe completely the GAS leak that was Complained about by both Officer's and Prisoner's.

**RESPONSE:** See D.I. 12.

3. Please state how long You have been a Correctional officer and Your Highest Completion of Education.

**RESPONSE:** Defendants object to this interrogatory as (1) seeking information or documents that is not reasonably calculated to lead to the discovery of admissible evidence and (2) not proportional to the needs of the case.

4. Identify all J.TVCC employees who were Aware of GAS leak and ventilation not being cleaned nor the ceiling in A Decade.

**RESPONSE:** See response to interrogatory No. 3 above and D.I. 12.

5. Identify and describe any procedures or policies that should be followed in regard to cleaning the ventilation and safety measure that should be take if and when Gas leaked.

**RESPONSE:** See response to interrogatory No. 3 above. Defendants respond further that there are no such procedures.

6. Identify and describe any and all injuries sustained by Drumgo or Any other Prisoners as A result of GAS leak

**RESPONSE:** Defendants object to this request as seeking information not in their possession.

7. Identify exactly what it would take to Evacuate Prisoners from the SHU and Also Explain the Policy.

**RESPONSE:** See response to interrogatory No. 3 above.

8. have any of your officer's been Previously sued? if so Please cite case number and or who sued you."

**RESPONSE:** See response to interrogatory No. 3 above.

9.     Identify any and all investigation conducted by L.T Farrington and CPL Dutton Also Todd Drace.

**RESPONSE:** Defendants object to this interrogatory as (1) vague and ambiguous, (2) seeking information or documents that is not reasonably calculated to lead to the discovery of admissible evidence, (3) not proportional to the needs of the case, (4) unduly broad and overly burdensome, and (5) seeking confidential documents protected by 11 *Del. C.* § 4322.

10.     Identify any and all investigation conducted by Lenigan. And Exactly how Many investigation were Conducted? How many Complaint's were received?

**RESPONSE:** Defendants object to this request as (1) vague and ambiguous (i.e. "any incident"), (2) seeking information or documents that is not reasonably calculated to lead to the discovery of admissible evidence, (3) not proportional to the needs of the case, (4) unduly broad and overly burdensome, and (5) seeking confidential documents protected by 11 *Del. C.* § 4322.

11.     Please Identify such Experts or witnesses You wish to DePose or Bring to trial

**RESPONSE:** See D.I. 12. Defendants will supplement this response as appropriate.

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Joseph C. Handlon
Joseph C. Handlon (# 3952)
Deputy Attorney General
Carvel State Bldg., 6th Fl.
820 N. French Street
Wilmington, DE 19801
(302) 577-8400

Dated: December 14, 2017                    *Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that, on December 14, 2017, he caused a true and correct copy of the attached ***Defendants' Responses To Plaintiff's Discovery Requests*** to be filed with the Clerk of Court using CM/ECF and served upon the individual below via First Class Mail on the same date:

De-Shawn Drumgo
NC 1640
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020
PRO SE

/s/ Joseph C. Handlon
Joseph C. Handlon (#3952)