IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DESHAWN DRUMGO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. Action No. 14-1134-CFC ) |
| CPL MATTHEW DUTTON, et al., | ) ) |
| Defendants. | ) |

**MEMORANDUM**

**I.  INTRODUCTION**

Plaintiff DeShawn Drumgo ("Plaintiff"), filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983.  On November 30, 2018, the Court granted Defendants' motion for summary judgment and denied Plaintiff's request for an expert witness.[1]  (D.I. 119, 120)  Plaintiff moves for reconsideration.  (D.I. 124)

**II.  MOTION FOR RECONSIDERATION**

The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence."  *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)

---

[1] The Order was signed on November 30, 2018 and docketed on December 3, 2018. Judgment was entered on December 12, 2018.  (D.I. 121)

1

(citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

In granting Defendants' motion for summary judgment and denying Plaintiff's request for an expert witness, the Court reviewed the pleadings, evidence of record, the parties' positions and the applicable law. The Court has again reviewed Defendants' motion for summary judgment and Plaintiff's request for an expert witness as well as the instant the instant motion and finds that Plaintiff has failed to demonstrate any grounds to warrant November 30, 2018 Order. Therefore, the Court will deny the motion for reconsideration. (D.I. 124)

### III. CONCLUSION

For the above reasons, the Court will deny the motion for reconsideration. (D.I. 124) An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

May 10, 2019
Wilmington, Delaware

2